IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BILL BAKER | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv413 |
| BRYAN COLLIER, ET AL. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Bill Baker, a former prisoner in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The lawsuit was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**Procedural History and Factual Background**

Plaintiff originally filed this action in 2020 in the Eastern District Texas – Marshall Division against multiple defendants. *See Baker v. Bryan Collier, et al.*, C.A. No. 2:20-cv-237 (Eastern District of Texas – Marshall Division). On July 27, 2020, the Hon. Roy S. Payne, United States Magistrate Judge, signed an Order of Transfer (Dkt. #7). The Order transferred Plaintiff's claims to the Eastern District of Texas – Tyler Division.

Here, in *Baker v. Bryan Collier, et al.*, C.A. No. 6:20cv413 in the Eastern District of Texas – Tyler Division, the transferred action involved Plaintiff's claims against multiple defendants at the Gurney Unit, Buster Cole Unit, and Stevenson Unit. Neither the Buster Cole Unit nor the

Stevenson Unit are within the territorial jurisdiction of the Tyler Division. On August 4, 2020, the Court transferred the claims against Defendant Dr. Tupa to the Southern District of Texas – Victoria Division. (Dkt. #11). On that same date, the Court transferred the claims against Defendants Cooper and Wright to the Eastern District of Texas – Sherman Division. (Dkt. #12).

On August 17, 2020, the Court instructed Plaintiff to replead his complaint—limiting his claims to the remaining Defendants located at the Gurney Unit. (Dkt. #14). In response to the Court's Order (*id*.), Plaintiff filed his Amended Complaint on September 2, 2020. (Dkt. #17). The Amended Complaint (Dkt. #17) is the live pleading in the action before the Court. An amended complaint supersedes and takes the place of a previous complaint filed in a case. *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986).

On September 10, 2020, the Court ordered Plaintiff to file a More Definite Statement regarding his Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12165, *et. seq*., claims. (Dkt. #18). Plaintiff filed his response to the Order for a More Definite Statement on September 29, 2020. (Dkt. #20). The Court considers Plaintiff's response to the More Definite Statement as a supplement to his amended complaint. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (holding that a court is limited to a consideration of the well-pleaded allegations of Plaintiff's complaint, including any attachments thereto or documents incorporated by reference therein); *Wright v. Dollar Tree Stores, Inc*., 2014 WL 11456816 (N.D. Tex. Sept. 16, 2014). Plaintiff has been allowed to be fully heard on his claims.

## **Plaintiff's Claims**

In his Amended Complaint, Plaintiff sues Bryan Collier, the Executive Director of the Texas Department of Criminal Justice (TDCJ), Gurney Unit Warden Larry Berger, and Gurney Unit Medical Provider Kelli T. Taylor for the violation of his rights under the ADA. Plaintiff's allegations range in time from the date that he was housed at the Gurney Unit, October 17, 2019, to November 1, 2019, when he was transferred to the Buster Cole Unit. (Dkt. 20 at 1). Plaintiff was at the Gurney Unit for approximately fifteen (15) days.

Plaintiff was transported from county jail to the Gurney Unit on October 17, 2019, for processing into TDCJ. At the Gurney Unit, Plaintiff underwent preliminary intake screening. Because of the large number of new incoming inmates, Plaintiff states that he received a preliminary examination from a nurse but was not given the opportunity to meet with a medical provider, such as a doctor or physician's assistant, to discuss his disabilities and special medical needs. (Dkt. #20, p. 4). He alleges that if he had received the proper examination then he would have received a walker or a cane, a medical locker box, access to a handicap shower, and an appointment with the Orthopedic Specialty Clinic. Plaintiff asserts that he submitted a sick-call request to see a medical provider at the Gurney Unit on October 17, 2019. Plaintiff was transferred to the Buster Cole Unit without seeing a doctor for his special medical needs on November 1, 2019. He declares that at the Buster Cole Unit, he refused his assigned housing and was given a disciplinary case.

Plaintiff is seeking compensatory damages for pain and suffering, and court costs. Plaintiff also seeks a permanent injunction in the form of the Defendants also providing:

      (1) proper handicap equipment,

      (2) intake medical examinations by doctors, rather than paper reviews,

      (3) proper handicap shower facilities, and

      (4) dismissing his disciplinary case for Code 24.2–refusing housing.

(Dkt. #17, p. 4).[1]

The docket sheet reflects that Plaintiff was discharged from TDCJ on or about May 24, 2021. (Dkt. #26).

## **Preliminary Screening**

Plaintiff was an inmate in the Texas prison system who was permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

---

[1] Plaintiff's disciplinary case occurred at the Buster Cole Unit, which is not in the territorial jurisdiction of this Court. Importantly, Plaintiff's challenge to his disciplinary case is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A plaintiff who seeks to challenge a disciplinary case must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Id*. An inmate may not bring a civil rights lawsuit about a prison disciplinary case unless he first shows that "his disciplinary conviction has been invalidated by official action." *Lee v. Wade*, 593 F. App'x 410, 410 (5th Cir. 2015). Plaintiff has not made any such showing here.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts, when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted).

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however, in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard, a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke*, 490 U.S. at 327; *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997).

Plaintiff has been allowed to plead his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Once a plaintiff has had a fair opportunity to make his case, and if a cause of action has not been established, the court may dismiss the suit. *Id*. at 792.

### Discussion and Analysis

### ADA claim

Plaintiff states that he is suing the Defendants for violations of Title II of the ADA. Title II applies to discrimination in public services.

  A.  *Plaintiff may not sue Defendants in their individual capacities under the ADA.*

Plaintiff may not bring a 42 U.S.C. § 1983 action for damages against a state official in his individual capacity to vindicate rights conferred by Title II of the ADA. *See Rivera v. Dawson,* 2007 WL 1223914 (5th Cir. 2007) (citing *McCarthy ex rel. Travis v. Hawkins,* 381 F.3d 407, 412-14 (5th Cir. 2004)). A plaintiff may not sue the individual defendants for violating the ADA; only the public "entity" is amenable to suit. *See Nottingham v. Richardson*, 499 F. App'x 368, 376 n.6 (5th Cir. 2012) (noting a plaintiff may not sue defendants in their individual capacities under the ADA); *Decker v. Dunbar*, 633 F. Supp. 2d 317, 356-57 (E.D. Tex. 2008) (observing that there is no individual liability in lawsuits under the ADA, and that a plaintiff may not attempt to assert such claims by "casting [his] lawsuit under Section 1983") (citations omitted). Plaintiff's claim for relief against Defendants in their individual capacities under the ADA should be dismissed for failure to state a claim upon which relief may be granted.

B. *Plaintiff's claims for injunctive relief are moot.*

Plaintiff sues the Defendants in their official capacities to redress his claims for injunctive relief under the ADA. Plaintiff was transferred from the Gurney Unit to the Buster Cole Unit on November 1, 2019. His claims for injunctive relief at the Gurney Unit became moot at that time. *Herman v. Holiday*, 238 F. 3d 660, 665 (5th Cir. 2001) (prisoner plaintiff's transfer from unit rendered claims for declaratory and injunctive relief moot).

The judicial power of federal courts is limited to only those "Cases" and "Controversies" referred to in Article III of the United States Constitution, and "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see Armstrong v. Turner Industries, Inc.*, 141 F.3d 554, 562 (5th Cir. 1998). The party invoking federal jurisdiction bears the burden of establishing three constitutionally mandated elements: (1) the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical[;]' " (2) there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly ... trace(able) to the challenged action of the defendant, and not ... th(e) result (of) the independent action of some third party not before the court[;]" and (3) it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.*, 504 U.S. at 560-561. It is also clear that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse

effects." *Id.* at 564 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983) and *O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974

Even if Plaintiff had suffered from some type of conduct while at the Gurney Unit that violated his ADA rights, when he left the Gurney Unit, he no longer had standing to seek face-to-face intake medical examinations by a medical doctor at the Gurney Unit, unless he can point to a concrete and continuing injury. Plaintiff has not done so. Moreover, Plaintiff has been discharged from TDCJ, also rendering his allegations moot. Any suggestion that injunctive relief should be considered based on the possibility that Plaintiff might someday be returned to TDCJ or the Gurney Unit "is too speculative to warrant relief." *Herman*, 238 F.3d at 665. Consequently, Plaintiff's claims for injunctive relief are moot and must be dismissed.

## Recommendation

It is recommended that Plaintiff's claims against the Defendants' individual capacities be dismissed for failure to state a claim and that his remaining claims be dismissed as moot.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on*

*other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 21st day of November, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE